COPY

Lisa S. Kantor, Esq. State Bar No. 110678
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. - State Bar No. 199634
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
17216 Parthenia Street
Northridge, CA 91325
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
JEANENE HARLICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

JEANENE HARLICK,

      Plaintiff,

vs.

BLUE SHIELD OF CALIFORNIA GROUP HEALTH PLAN,

      Defendant.

CASE NO:  CV 08 3651 SC

COMPLAINT FOR:

BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS

    Plaintiff, Jeanene Harlick, herein sets forth the allegations of her Complaint against Defendant, Blue Shield of California.

**PRELIMINARY ALLEGATIONS**

    1.    "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms

1

of an employee benefit plan; to clarify and enforce Plaintiff' past, present and future rights to benefits under the employee benefit plan named herein as a Defendant; and, to obtain other equitable relief, including but not limited to, restitution, an injunction ordering Defendant to qualify Plaintiff for the receipt of benefits and to pay Plaintiff benefits to which Plaintiff are entitled; for prejudgement and postjudgment interest; and for attorneys' fees and costs.

2.  Plaintiff was at all times relevant a resident and citizen of San Mateo County. Plaintiff is currently residing in San Mateo County, State of California.

3.  Plaintiff is informed and believes Defendant, Blue Shield, is a corporation with its principal place of business in the State of California, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California, San Mateo County. Blue Shield is also an ERISA Plan fiduciary as defined under ERISA.

4.  Plaintiff is informed and believes Blue Shield of California is an employee welfare benefit plan regulated by ERISA, under which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to medical/health insurance benefits under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to health care benefits.

5.  Defendant can be found in this judicial district. The medical claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

### FIRST CAUSE OF ACTION AGAINST
### BLUE SHIELD OF CALIFORNIA FOR DENIAL OF PLAN BENEFITS

6.  At all times relevant, Plaintiff maintained COBRA coverage with Blue Shield. While Plaintiff was covered under Blue Shield, she suffered from an eating

disorder, severe depression, OCD, and severe anxiety as defined under the terms of the Blue Shield.

7.  At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of Blue Shield.

8.  Pursuant to the terms of Blue Shield, Plaintiff made a claim for medical benefits with Blue Shield. Plaintiff's claim for medical benefits was denied by Blue Shield. Plaintiff appealed this determination with Blue Shield and, despite overwhelming evidence of a covered medical claim, Blue Shield erroneously and wrongfully continued to uphold its prior determination denying Plaintiff' claim for medical benefits.

9.  Defendant wrongfully denied Plaintiff's claim, in the following respects:

   (a)  Failure to pay medical benefit payments to Plaintiff at a time when the Blue Shield knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the policy. Even though the Blue Shield had such knowledge, Blue Shield denied Plaintiff's medical benefits;

   (b)  Withholding medical benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

   (c)  Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of Blue Shield's documents, in relation to the applicable facts and medical plan provisions, for the denial of Plaintiff' claims for medical benefits;

   (d)  After Plaintiff's claim was denied in whole or in part, Blue Shield failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect their claim along with an explanation of why such material is or was necessary;

   (e)  Concealing and withholding from Plaintiff the notice requirements Blue Shield were required to provide Plaintiff pursuant to ERISA and the

regulations promulgated thereunder, particularly Code of Federal Regulations §2560.503-1(e) - (g), inclusive; and

   (f) Failing to properly and adequately investigate the merits of Plaintiff's medical claim.

  10. Plaintiff is informed and believes and thereon alleges that this named Defendant wrongfully denied her medical benefits under the medical plan by other acts or omissions of which Plaintiff were presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

  11. Following the denial of Plaintiff's medical claim under the medical plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the medical plan.

  12. As a proximate result of the denial of health insurance benefits due Plaintiff, she has been damaged in the amount of all of her medical bills incurred, said amount which will be proven at the time of trial.

  13. As a further direct and proximate result of this improper determination regarding Plaintiff's medical claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## SECOND CAUSE OF ACTION AGAINST
## BLUE SHIELD OF CALIFORNIA FOR EQUITABLE RELIEF

  14. Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

  15. As a direct and proximate result of the failure of the Blue Shield to pay medical benefits to Plaintiff, and the resulting injuries and damages sustained by

1  Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court
2  grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):
3    (a) Restitution of all past benefits due to Plaintiff under Blue Shield,
4  plus prejudgment and postjudgment interest at the lawful rate;
5    (b) A mandatory injunction issued requiring Defendant Blue Shield to
6  immediately qualify Plaintiff for past medical benefits under the medical plan,
7  and;
8    (c) Such other and further relief as the Court deems necessary and
9  proper to protect Plaintiff's interests as a participant under Blue Shield.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health care benefits to the Plaintiff under Plaintiff's medical coverage under the Plan, plus interest, including prejudgment interest in an amount to be determined at the time of trial;

2. For equitable relief as requested;

3. For attorneys' fees reasonably incurred to obtain the benefits of the medical plan in a sum to be determined at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DATED: July 28, 2008       KANTOR & KANTOR, LLP

                      */s/ Lisa S. Kantor*
                      Lisa S. Kantor
                      Attorney for Plaintiff
                      Jeanene Harlick

JS 44   CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON PAGE TWO )

## I.(a) PLAINTIFFS
Jeanene Hailick

## DEFENDANTS
Blue Shield of California Group Health Plan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Mateo
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Mateo
(IN U S PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
KANTOR & KANTOR LLP
19839 Nordhoff, Northridge, CA  91324 / (818) 886-2525

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U S Government Plaintiff
- [x] 3 Federal Question (U S Government Not a Party)
- [ ] 2 U S Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran s Benefits | 350 Motor Vehicle | 371 Truth In Lending | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| | | | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus | [x] 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 871 IRS Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 555 Prison Condition | | | |
| | 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U S C § 1132 failure to pay plan benefits.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
- DEMAND $_____
- CHECK YES only if demanded in complaint
- JURY DEMAND [ ] YES [x] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE"

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE  July 28, 2008

SIGNATURE OF ATTORNEY OF RECORD

*[signature]*

COPY

# United States District Court
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeanene Harlick, | **SUMMONS IN A CIVIL CASE** |
| Plaintiff, | CASE NUMBER: |
| V. | |
| Blue Sheild of California Group Health Plan, | CV 08  3651 SC |
| Defendant. | |

TO: (Name and address of defendant)

Blue Sheild of California Group Health Plan

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Kantor
Elizabeth K. Green
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA  91324

an answer to the complaint which is herewith served upon you, within  20   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE  JUL 3 0 2008

**ANNA SPRINKLES**
(BY) DEPUTY CLERK